# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **TRACY  HEIDRICH** | : | |
| **plaintiff** | : | |
| | : | **Case No. 1:08cv587** |
| | : | |
| | : | |
| | : | |
| **vs.** | : | **Judge** |
| | : | |
| **NCO FINANCIAL SYSTEMS, INC.** | : | **Magistrate Judge** |
| | : | |
| **aka NCO FINANCIAL, INC.** | : | |
| **c/o CT Corporation System** | : | |
| **1300 East Ninth Street** | : | |
| **Cleveland, Ohio 44114** | : | |
| **defendant** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

---

**Complaint Seeking to Impose Individual Liability Under the Fair Debt Collection Practices Act (15 U.S.C.§1692) and Ohio Consumer Sales Practices Act, O.R.C. §1345.01, et seq.; for Deceptive, Unfair & Unconscionable Debt Collection Practices; Declaratory & Injunctive Relief; Attorney Fees & Jury Demand**

---

## Claim One

## Jurisdiction

1. This claim is for actual and statutory damages brought by plaintiff for defendant, NCO Financial Systems' [hereinafter "NCO" or "defendant"] violations of the Fair Debt Collection Practices Act [hereinafter referred to as the "Act"], 15 U.S.C. §1692, et seq., which expressly prohibits a debt collector from engaging in deceptive, unfair, unconscionable and abusive debt collection practices.

2. Jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1640(e), 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.

## Parties

3. Plaintiff, Tracy Heidrich, is a "consumer"as defined in the Act at 15 U.S.C.§1692a.(3) [hereinafter referred to as "plaintiff"].

4. Defendant, NCO, appears to be a Pennsylvania for profit corporation which regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and is a "debt collector" as defined in the Act at 15 U.S.C. §1692a.(6).

5. Defendant regularly engages in and transacts business in the state of Ohio and other states through the use of the United States mail and/or telephone or other instrumentality of interstate commerce.

6. The debt in question is disputed by the plaintiff as to the amount owed but is allegedly owed to an entity known as "Great Lakes Higher Education" and, therefore, was and is a consumer debt in that it was incurred primarily for family, household or personal use.

## Allegations

7. Plaintiff is an experienced Registered Nurse who is employed at Children's Hospital in Cincinnati, Ohio whose job consists of, among other things, assisting both children and their families in preparation for significant life-saving surgical procedures as well as assisting surgeons in those procedures inside the operating room.

8. Plaintiff has incurred a significant amount of debt consisting primarily of school loans which, admittedly, she has had difficulty repaying due to, among other things, sickness in her immediate family.

9. On or about August 13 , 2008 plaintiff received a telephone call at her place of employment in Cincinnati, Ohio from the defendant. Plaintiff was occupied at the time but a message was left that "Gaye Lampka of NCO Financial Services" had called.

10. Plaintiff returned the call that day and spoke with Ms. Gaye who immediately informed her as follows:

> We are in the process of having your license suspended and garnishing your wages. Do you understand this? We have been trying to reach you, but you have not responded. Let me ask you some questions and tell you what your options are. We can put you into a loan rehabilitation program, where you can pay an agreed amount for nine months, then you can renegotiate your payments once you're back in good standing. Otherwise, we are set to garnish your wages up to 25% of your pay before taxes.

11. When plaintiff expressly asked if defendant had the power to suspend her nursing license, defendant responded as follows:

> Tracy, we represent Great Lakes Higher Education, and they are the government. They contacted us to get their money. Now if you can't make payments, the way we get it is by suspending your license, garnishing you wages, and tax offsets.

12. Since the initial communication plaintiff has had additional conversations with defendant containing the same or similar assertions concerning the suspension of her license.

13. Plaintiff is licensed both in the states of Ohio and Kentucky and neither jurisdiction provides that a nursing license may be suspended for the lack of payment of of school loans.

14. Due to illness in her immediate family plaintiff is the sole source of income where the suspension of her nursing license would obviously deprive her family of any means of support.

15. Additionally, unless plaintiff agreed to make monthly payments in an amount that she explained she was unable to afford, defendant has threatened to garnish plaintiff's wages in the immediate future or by a given deadline. However, at the time and presently, there had neither been a judgment obtained nor had there been the filing of a suit where wage garnishment was a possible.

16. Without limiting the scope of defendant's liability herein, defendant's conduct as enumerated, at least, constituted the following violations of the Act as set forth herein:

a. by engaging in conduct which had the natural consequence of oppressing, harassing or abusing plaintiff in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

b. by threatening to take action that was not lawfully possible for it to take and by threatening action that it had no intention of taking in violation of 15 U.S.C. §1692e.(5);

c. by misrepresenting the character, amount, or legal status of a debt in violation of 15 U.S.C. §1692e(2)(A);

d. by the collection of an amount (including any interest, fee, charge, or expense incidental to the principal obligation) which was not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §1692(f)(1);

e. causing charges to be made to any person for communications by concealment of the true purpose of the communication in violation of 15 U.S.C. §1692(f)(5); and,

f. by generally engaging in conduct through the use of any false representation or deceptive means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692e.(10).

17. As such, defendant is liable to plaintiff for both for both actual and statutory damages in an amount she is able to prove.

4

**Claim Two**
**[damages under state law]**

**Jurisdiction**

18. This claim is made against defendant NCO pursuant to the *Ohio Consumer Sales Practices Act*, hereinafter referred to as the "Act", O.R.C. §1345.01.01 et seq.

19. The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction in that the claim herein arose out-of the same basic facts which gave rise to the federal claim.

**Parties**

20. The parties are the same as those alleged in claim one.

21. Plaintiff, Tracy Heidrich, is a "consumer" as defined in the "Act" at O.R.C. §1345.01(D).

22. Defendant is a "supplier" as defined in the "Act" at O.R.C. §1345.01© in that, subsequent to the consummation of a consumer transaction, defendant engaged in the conduct of attempting to collect a debt.

**Allegations**

23. Plaintiff hereby incorporates each and every allegation of claims one as if fully rewritten herein.

24. Defendant engaged in the following unfair, deceptive and unconscionable debt collection practices in violation of the Act as follows:

(a) defendant falsely misrepresented the rights, obligations and remedies that the plaintiff, as a consumer, had under law in violation of O.R.C. §1345.02(B)(10); and,

5

(b) defendant knowingly made misstatements of opinion in connection with the collection of a debt arising from a consumer transaction which were designed to exaggerate the remedies or power of defendant to collect a debt or the consequences to the plaintiff of non-payment of the debt which plaintiff was likely to rely to his detriment in violation of O.R.C. §1345.03(B)(6);

25. Plaintiff is entitled to treble her actual damages because defendant's conduct was either in violation of a Substantive Rule of Ohio Attorney General (OAC 109-4-3) or a Federal Trade Commission Rule or an act or practice declared to be either deceptive, or unconscionable by a Court of competent jurisdiction in the state of Ohio which decision was contained in the Public Inspection file of the Ohio Attorney General at the time of the events alleged in the complaint, pursuant to O.R.C. §1345.05.

26. Unless defendant is enjoined and restrained from continuing the foregoing illegal practices, plaintiff will suffer substantial and irreparable injury.

27. Plaintiff has no adequate remedy at law.

28. Plaintiff is entitled to both declaratory and injunctive relief pursuant O.R.C. §1345.09(D).

## Claim Three
### [Intentional Infliction of Emotional Distress]

### Jurisdiction

29. The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction in that the claim herein arose out-of the same basic facts which gave rise to the federal claim.

### Parties

30. The parties are the same as those alleged in claim one.

### Allegations

31. Plaintiff hereby incorporates all of the allegations set forth previously as if fully restated herein.

6

32. Defendant, through each of its actions as previously alleged herein, were intentional and malicious and done for the purpose of causing plaintiff to suffer humiliation, mental anguish and emotional and physical distress. The defendant's conduct as herein alleged was done with the knowledge that plaintiff's physical and emotional distress would thereby increase and was done with wanton and reckless disregard of the consequences to the plaintiff.

## Claim Four
## [Negligent Infliction of Emotional Distress-Nationwide]

### Jurisdiction

33. The jurisdiction of this Court is invoked pursuant to the principles of pendent or ancillary jurisdiction in that the claim herein arose out-of the same basic facts which gave rise to the federal claim.

### Parties

34. The parties are the same as those alleged in all previous claims.

### Allegations

35. Plaintiff  hereby incorporates all of the allegations set forth previously as if fully restated herein.

36. Defendant, through each of its actions as previously alleged herein, were negligently and carelessly taken. The plaintiff was forseeably caused to and did suffer humiliation, mental anguish, emotional and physical distress. Defendant's conduct as herein alleged, exacerbated the plaintiff's previous condition as alleged herein thereby increasing plaintiff's emotional and physical distress.

7

## **Prayer for Relief**

WHEREFORE, plaintiff asks the Court to:

(1)     Find defendant liable for violating 15 U.S.C §1692 in
        connection with its abusive, deceptive and unfair debt collection
        activity as described herein;

(2)     Find defendant liable for violating O.R.C. §1345.02 and O.R.C.§1345.03
        For deceptive, unfair and unconscionable debt collection practices;

(3)     Find that defendant's conduct either violated a substantive rule of the Ohio
        Attorney General or was contrary to a decision contained in the Attorney
        General's Public Inspection File at the time of the events complained of
        and, therefore, award treble actual damages to the plaintiff;

(4)     Order Defendant to pay plaintiff for emotional distress and any other
        compensatory damages to be proven at trial;

(5)     Order Defendant to pay plaintiff punitive damages;

(6)     Order Defendant to pay plaintiff for the costs of bringing this action and for
        reasonable attorney's fees;

(7)     Provide plaintiff with a trial by jury of his peers; and

(8)    Award plaintiff any and all other relief the Court deems just and appropriate
in light of the evidence adduced at trial.


Respectfully submitted by:


*/s/Steven C. Shane*
Steven C. Shane (0041124)
Trial Attorney for Plaintiff
321 Fairfield Ave.
P.O. Box 73067
Bellevue, Ky. 41073
(859) 431-7800
(859) 431-3100 facsimile
shanelaw@fuse.net

9